# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT BARNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. FISHER, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01361-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR ACTION TO PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS FISHER AND DOES #1-4 AND TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS**<br><br>**(Doc. 14)**<br><br>**21-DAY DEADLINE** |

### A. **Background**

Plaintiff alleges that he was beaten by an EOP inmate who should not have been released into the general population and that correctional officers failed to escort inmates to and from the dining hall as required by the OPM at the time the attack occurred. For the reasons discussed below, Plaintiff has stated a cognizable claim for deliberate indifference to his safety in violation of the Eighth Amendment against Warden Fisher and Does #1-4 upon which he should be allowed to proceed. However, no other claims are cognizable so all other claims and Defendants should be **DISMISSED**.

### B. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.** **Summary of the First Amended Complaint**

Plaintiff alleges that on January 17, 2017, while walking to his housing unit on the B Facility from the dining hall following dinner, Plaintiff was attacked and beaten unconscious by a mentally ill inmate, Horn. Horn had been released recently from the Enhanced Outpatient Program. Plaintiff alleges he was attacked because correctional officers did not provide an escort from the dining facility to Plaintiff's housing unit. Plaintiff alleges that prior to the attack, the Men's Advisory Council (MAC) had twice complained to Warden Fisher that correctional staff were not providing escorts of inmates to and from the dining facility. These complaints were

filed because the EOP facility consistently releasing inmates who were clearly mentally disturbed and seemed to be experiencing adjustment problems to the "B" facility.

Plaintiff seeks money damages against Warden R. Fisher, Jr., correctional officers John Doe #1-4, and members of the Interdisciplinary Treatment Team, John Doe #6-9 who released Horn to the general population as defendants in this action under the Eighth Amendment.

As discussed below, Plaintiff has stated a cognizable claim for violation of his rights under the Eighth Amendment against Warden Fisher and Does #1-4. However, none of his other claims are cognizable. It appears that Plaintiff is unable to cure the deficiencies of his other claims such that they should be dismissed with prejudice.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading

standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff's facts must support the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Generic identifiers, without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims so as to prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief.

4

*Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### E. Claims for Relief

#### 1. Eighth Amendment -- Deliberate Indifference to Plaintiff's Safety

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, 511 U.S. at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337,

349 (1981)). For screening purposes, being exposed in an unsupervised area to a mentally unstable inmate is accepted as a sufficiently serious condition to meet the objective prong.

Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff's allegations that before this incident the MAC had twice complained to Warden Fisher about officers failing to escort inmates between the dining hall and their housing units because of their fear of an altercation meets the subjective element by showing Warden Fisher's actual knowledge of the risk. *Farmer*, 511 U.S. at 842-43 ("[I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus "must have known" about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.' ") Liberally construed, Plaintiff's allegations suffice to show that Warden Fisher knew of the violations by correctional personnel failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, Plaintiff states a cognizable Eighth Amendment claim against Warden Fisher upon which he should be allowed to proceed.

Likewise, the very obviousness of risk of altercations posed by not providing any supervision of inmates traversing between their housing unit and the dining hall is so blatantly obvious that C/O Does #1-4 had to have been aware of it when they failed to comply with escort procedures. *Foster v. Runnels*, 554 F.3d 807, 814 (1970); *see also Conn v. City of Reno*, 591 F.3d 1081, 1097 (9th Cir. 2010) (holding subjective element met where the magnitude of the risk is "so obvious that [the defendant] must have been subjectively aware of it"), vacated, 563 U.S. 915

(2011), reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011)). Plaintiff's Eighth Amendment claims is thus also cognizable against C/Os Doe #1-4.[1]

Plaintiff has also failed to allege facts such that an objective substantial risk of harm can be reasonably inferred from the decision by IDTT Does #6-10 to release the attacking inmate into the general population. Under the circumstances alleged, the Court is unable to find that the IDTT defendants knew that corrections personnel were not supervising inmate movement as required by the OPM to be aware that their decision to release IM Horn to the general population on the B Facility would create a substantial risk of serious harm to Plaintiff. Without providing any facts relevant to inferring an objective risk of harm and subjective knowledge of serious risk, Plaintiff fails to state an Eighth Amendment claim with respect to IDTT Does #6-9 and they should be DISMISSED. Similarly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1367(a), against IDTT Does #6-9 since they do not "form part of the same case or controversy under Article III."

## CONCLUSION & RECOMMENDATION

As discussed herein, Plaintiff's Second Amended Complaint states a cognizable deliberate indifference claim against Warden R. Fisher, Jr. and C/O Does #1-4. However, none of the rest of Plaintiff's claims are cognizable such that all other claims and Defendants should be dismissed. Given that Plaintiff has been twice provided the pleading and legal standards for his claims, it appears the deficiencies in Plaintiff's pleading are not capable of cure through amendment making subsequent leave to amend futile and unnecessary. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. This action should proceed on the Second Amended Complaint on Plaintiff's deliberate indifference claim against Defendants Warden R. Fisher, Jr. and C/O Does #1-4;

---

[1] Plaintiff states in his amended complaint that he has not yet ascertained the identities of the Doe defendants. The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identities of these defendants are obtained through discovery or other means. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989).

7

2. All other claims and Defendants should be dismissed with prejudice; and

3. The Clerk of the Court is directed to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 24, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE